IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

MGM Grand Detroit, LLC.,

    Defendant.

_____/

Megan A. Bonanni P52079
Robert W. Palmer P31704
Pitt McGehee Palmer & Rivers, P.C.
Attorney for Plaintiffs
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly, individually and on behalf of all others similarly situated, by their attorneys, Pitt McGehee Palmer & Rivers P.C., upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for the Defendant MGM Grand Detroit as Floor Supervisors.

2. Plaintiffs are members of the class they seek to represent.

3. In addition to their regular hours, Floor Supervisors were also required to attend pre-shift meetings two time per week as well as training, for which they were not compensated.

4. Defendant regularly requires Floor Supervisors to work in excess of 40 hours per week but refuses to pay them any overtime pay.

5. The primary duty of the Floor Supervisor position is to perform nonexempt work including: monitoring and conducting game play in accordance with MGM policies and procedures, including tracking significant player activity, rating players and reporting to the supervisor the Pit Manager.

6. The primary duty of the floor supervisor position does not fall under any of the exemptions under federal or state overtime laws.

7. By the conduct described in this Collective Action Complaint, Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay Floor Supervisors, including Plaintiffs, the overtime wages that they have earned and to which they are entitled by law.

8. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

# THE PARTIES

*<u>Plaintiffs</u>*

### *Cynthia Applebaum*

14. Plaintiff Cynthia Applebaum is an adult individual who is a resident of Jackson, Michigan.

15. Applebaum has been employed by Defendant since July 6, 1999 where she works as a Floor Supervisor.

16. Pursuant to Defendant's policy, pattern, and/or practice, Applebaum regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

17. Applebaum was paid straight time for all hours worked over 40 as reflected by MGM pay records.

18. Throughout her employment with Defendant, on one or two occasions per week Applebaum was required to attend a pre-shift meeting for which she was not compensated.

19. In addition, Applebaum was required to attend training sessions for which she was not compensated.

20. Applebaum is a covered employee within the meaning of the FLSA.

21. A written consent form for Applebaum has been executed.

### *Warren Black*

22. Plaintiff Warren Black is an adult individual who is a resident of Detroit, Michigan.

23. Black has been employed by Defendant since July 6, 1999 where he works as a Floor Supervisor.

24. Pursuant to Defendant's policy, pattern, and/or practice, Black regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

25. Black was paid straight time for all hours worked over 40 as reflected by MGM pay records.

26. Throughout his employment with Defendant, on one or two occasions per week Black was required to attend a pre-shift meeting for which he was not compensated.

27. In addition, Black was required to attend training sessions for which he was not compensated.

28. Black is a covered employee within the meaning of the FLSA.

29. A written consent form for Black has been executed.

### *Anita Matlock*

30. Plaintiff Anita Matlock is an adult individual who is a resident of Romulus, Michigan.

31. Matlock was employed by Defendant from June 7, 1999 until October 5, 2012 where she worked as a Floor Supervisor.

32. Pursuant to Defendant's policy, pattern, and/or practice, Matlock regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

33. Matlock was paid straight time for all hours worked over 40 as reflected by MGM pay records.

34. Throughout her employment with Defendant, on one or two occasions per week Matlock was required to attend a pre-shift meeting for which she was not compensated.

35. In addition, Matlock was required to attend training sessions for which she was not compensated.

36. Matlock is a covered employee within the meaning of the FLSA.

37. A written consent form for Matlock has been executed.

### *Patrick Ridgeway*

38. Plaintiff Patrick Ridgeway is an adult individual who is a resident of Detroit, Michigan.

39. Ridgeway has been employed by Defendant since June 13, 1999 where he works as a Floor Supervisor.

40. Pursuant to Defendant's policy, pattern, and/or practice, Ridgeway regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

41. Ridgeway was paid straight time for all hours worked over 40 as reflected by MGM pay records.

42. Throughout his employment with Defendant, on one or two occasions per week Ridgeway was required to attend a pre-shift meeting for which he was not compensated.

43. In addition, Ridgeway was required to attend training sessions for which he was not compensated.

44. Ridgeway is a covered employee within the meaning of the FLSA.

45. A written consent form for Ridgeway has been executed.

### *William Sly*

46. Plaintiff William Sly is an adult individual who is a resident of Trenton, Michigan.

47. Sly has been employed by Defendant since July 6, 1999 where he works as a Floor Supervisor.

48. Pursuant to Defendant's policy, pattern, and/or practice, Sly regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

49. Sly was paid straight time for all hours worked over 40 as reflected by MGM pay records.

50. Throughout his employment with Defendant, on one or two occasions per week Sly was required to attend a pre-shift meeting for which he was not compensated.

51. In addition, Sly was required to attend training sessions for which he was not compensated.

52. Sly is a covered employee within the meaning of the FLSA.

53. A written consent form for Sly has been executed.

## *Defendant*

54. Defendant MGM Grand Detroit, LLC is a Delaware limited Liability company, with its principal place of business in Detroit, Wayne County, Michigan.

55. Throughout the relevant period, Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA.  Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

56. Defendant is a covered employer within the meaning of the FLSA, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

57. At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

58. Defendant applies the same employment policies, practices, and procedures to Plaintiffs and all similarly situated employees.

## JURISDICTION AND VENUE

59. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

60. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

61. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

62. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

63. Plaintiffs bring their Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as Floor Supervisors, on or after August 1, 2011, who elect to opt-in to this action (the "FLSA Collective").

64. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

65. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

      b.    willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

66. Defendant are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

67. Plaintiffs and the FLSA Collective all perform or performed the same primary duty.

68. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

69. Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective (the "Collective Members") consistently worked more than 40 hours per week.

70. Defendant was aware that Plaintiffs and the Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

71. Defendant did not keep records of all hours worked by Plaintiffs or the Collective Members.

72. Plaintiffs' and the Collective Members primary duty was not management.

73. Plaintiffs and the Collective Members primary performed non-exempt hourly work, including monitoring game play and reporting issues on floor to the Pit Manager.

74. Plaintiffs and the Collective Members spent the vast majority of their time performing these non-exempt duties.

75. Plaintiffs and the Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow the policies, practices, and procedures set by Defendant.

76. Plaintiffs and the Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

## CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

79. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

80. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

82. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84. Defendant failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

85. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant intentionally failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

86. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

88. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.

      Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under appropriate state law;

D.    Pre-judgment interest and post-judgment interest as provided by law;

E.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.    A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they spent protecting the interests of other sales producers, and the risks they undertook.

G.    Attorneys' fees and costs of the action; and

H.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Respectfully submitted,

**PITT MCGEHEE PALMER & RIVERS, P.C.**

By: */s/ Megan A. Bonanni P52079*
    Megan A. Bonanni P52079
    Robert W. Palmer P31704
    Attorney for Plaintiffs
    117 West 4th Street, Suite 200
    Royal Oak, Michigan 48067
    (248) 398-9800

Dated: August 1, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

MGM Grand Detroit, LLC.,

    Defendant.

_____/

Megan A. Bonanni P52079
Robert W. Palmer P31704
Pitt McGehee Palmer & Rivers, P.C.
Attorney for Plaintiffs
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com
_____/

## JURY DEMAND

Plaintiffs reserve their right to and hereby request a trial by jury.

    Respectfully submitted,

**PITT MCGEHEE PALMER & RIVERS, P.C.**

By: */s/ Megan A. Bonanni P52079*
    Megan A. Bonanni P52079
    Robert W. Palmer P31704
    Attorney for Plaintiffs
    117 West 4th Street, Suite 200
    Royal Oak, Michigan 48067
    (248) 398-9800

Dated: August 1, 2014