# Exhibit 1

# UNITED STATES DISTRICT COURT
## EASEERN DISTRICT OF MICHIGAN
### SOUTHERN DISTRICT

| | |
|---|---|
| Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly, individually and on behalf of all others similarly situated, | Case No.: 2:14-cv-13005-AC-MKM<br><br>Hon. Avern Cohn |
| Plaintiffs, | |
| vs. | |
| MGM Grand Detroit, LLC, | |
| Defendant. | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release between Plaintiffs and Defendant is made and entered into by and between Plaintiffs Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly ("Plaintiffs") on behalf of themselves and others similarly situated on the one hand, and MGM Grand Detroit, LLC ("Defendant") on the other hand.

THE PARTIES STIPULATE AND AGREE as follows:

1.    The following terms shall have the meanings ascribed to them below:

a.    "Action" means the lawsuit captioned above, pending in the United Stated District Court, Eastern District of Michigan, Southern Division, Case No. 2:14-cv-13005-AC-MKM.

b.    "Authorized Claimant" means all Class Members who do not exclude themselves from the Settlement Class and who submit a timely and valid Claim and Consent Form to the Claims Administrator.

c.    "Claims Administrator" means CPT Group, or such other claims administrator as may be mutually agreeable to the Parties.

1    d.    "Claim and Consent Form" means proof of claim, consent to
2  join, and release in substantially the form as **Exhibit A**, attached hereto.

3    e.    Claims Deadline" means the date 30 days following the date on
4  which the Settlement Administrator first mails Notices, Claim and Consent Forms,
5  and Exclusion Forms to the Class Members.

6    f.    "Class Counsel" means Pitt McGehee Palmer & Rivers, P.C.

7    g.    "Class Counsel Award" shall have the meaning ascribed to it in
8  paragraph 14 below.

9    h.    "Class Members" means those individuals that are within the
10  Settlement Class, each of whom is a "Class Member."

11    i.    "Class Period" means August 1, 2011 through April 13, 2014,
12  the entry of the Final Order and Judgment by the Court.

13    j.    "Class Representatives" means Cynthia Applebaum, Warren
14  Black, Anita Matlock, Patrick Ridgeway, and William Sly.

15    k.    "Class Deponents" mean the following six opt-in plaintiffs who
16  appeared for deposition in this matter: Andre Delati, Claudia Yates, Oliver Ingram,
17  Jamil Hedo, James Hosking and Yancy Yarbrough.

18    l.    "Class Participants" mean the following eighteen opt-in
19  plaintiffs who directly participated in the discovery process including providing
20  responsive answers and documents in response to Defendant's Interrogatories and
21  Requests to Produce: Durga Adhikari, Aaron Bugeja, Linda Bostic, Felicia Cheeks,
22  Claudio Chiarot, Rosie Dancy, Bonita Griffin-Ritter, Carol Humphrey, David
23  Jones, Eric Klein, Tawana Knight, Melissa Marshall, Quang Nguyen, Linda Nybo,
24  Timothy Nybo, David Okon, Jeremy Price, Catharine Ratledge, Cynthia Ronan,
25  Steve Sarti, Winfred Shepherd, Donna Smith, Zina Spencer, Jermel Stephens,
26  Lakesha Ward and Katrina Young.

27    m.    "Class Participant Notice" means the Notice of Pendency of
28  Class Action, Proposed Settlement and Hearing Date for Final Court Approval sent

to all Class Representative, Class Deponents, and Class Participants identified in Paragraphs l(j)-(l) above, in substantially the form attached hereto as **Exhibit B**, and as approved by the Court.

n.  "Court" means the United States District Court, Eastern District of Michigan, Southern District.

o.  The Court's "Preliminary Approval Order" means the preliminary order approving the settlement, as more fully described in paragraph 25 below, and in substantially the form attached hereto as **Exhibit C**, and as approved by the Court.

p.  The Court's "Final Order and Judgment" means the Final Order Approving Class Action Settlement and Judgment, as more fully described in paragraph 27 below in substantially the form attached hereto as **Exhibit D**, and as approved by the Court.

q.  "Defendant" means MGM Grand Detroit, LLC.

r.  "Effective Date" shall have the meaning ascribed to it in paragraph 12(b) below.

s.  "Enhancement Award" means, subject to approval by the Court, a maximum payment of $7,500 to the Class Representatives, $5,000 to each Class Deponent and $3,500 to each Class Participant, , to be paid from the Maximum Settlement Amount in addition to the Class Representatives' and Class Deponents' individual settlement award pursuant to this Settlement.

t.  "Exclusion Form" means the Exclusion Form in substantially the form attached hereto as **Exhibit E** and as approved by the Court.

u.  "Maximum Settlement Amount" shall be as defined in paragraph 12(c) below.

v.  "Net Settlement Amount" shall be as defined in paragraph 12(c) below.

w.  "Non-Participant Class Notice" means the Notice of Pendency

of Class Action, Proposed Settlement and Hearing Date for Final Court Approval sent to all Class Members, in substantially the form attached hereto as **Exhibit F**, and as approved by the.

x.    "Objection/Exclusion Deadline" means the date that is 30 calendar days following the mailing of the Notice.

y.    "Parties" means collectively the Defendant and Plaintiffs, each of whom is a "Party."

z.    "Plaintiffs" means Cynthia Applebaum, Warren Black, Anita Matlock, Patrick Ridgeway, and William Sly.

aa.    "Released Claims" means that upon final approval by the Court, the Settlement Class and each member of the Settlement Class who has not submitted a timely and valid Request for Exclusion Form, fully and finally releases and discharges MGM Grand Detroit, LLC, its present and former parent entities, subsidiaries, related or affiliated companies, shareholders, officers, directors, managers, members, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity that could be jointly liable with MGM Grand Detroit, arising from any and all applicable local, state and federal law wage-and-hour claims (including, but not necessarily limited to, contractual or common law claims for unpaid minimum wages, straight time wages if greater than minimum wage, unpaid overtime, waiting time or waiting time penalty claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Class Period, and/or which arose out of or could have arisen out of the facts alleged in this action.

bb.    "Released Parties" collectively means: (i) MGM Grand Detroit, LLC; (ii) MGM Grand Detroit, LLC's respective past, present and future parents, subsidiaries, joint ventures, and affiliates; (iii) the past, present and future shareholders, directors, officers, members, managers, agents, employees, attorneys,

insurers, predecessors, successors and assigns of any of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

        cc.    "Settlement" or "Stipulation of Settlement" means this Joint Stipulation of Settlement and Release between Plaintiffs and Defendant.

        dd.    "Settlement Awards" means Settlement amounts paid by Defendant to Authorized Claimant based the total amount of shifts worked by Class Members during the Class Period in comparison to the total number of shifts worked by all Class Members during the Class Period.

        ee.    "Settlement Class Members" or "Settlement Class" means all current and former Table Games Floor Supervisors and Assistant Floor Supervisors employed by Defendant during the Class Period.

      2.    On August 1, 2014, Plaintiffs filed a collective action lawsuit on behalf of themselves and all individuals similarly situated, asserting that MGM Grand Detroit failed to compensate a class of similarly situated and typical employees the proper amount of wages and overtime pursuant to federal law.

      3.    The Parties engaged in numerous settlement negotiations over the course of the litigation, including attendance at private mediation. Over the course of these negotiations, the Parties engaged in extensive discussions regarding their respective positions and the information and data produced in discovery. Defendant and Plaintiffs also engaged in extensive evaluation of the merits of the claims alleged. Numerous depositions of the Plaintiffs were taken and the parties exchanged extensive documentation related to the underlying claims and damages. As a result of the extensive discovery and negotiations regarding the strengths of their respective positions, the parties were ultimately able to reach a proposed class action settlement through arms-length direct negotiations.

      4.    The Parties now enter into this Stipulation of Settlement for preliminary and final Court approval of the Settlement. The Settlement Class shall

not include any person who submits a timely and valid Exclusion form as provided in this Settlement.

5.      Solely for purpose of settling this case, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been and are met.  More specifically, for purposes of this Settlement only, the Parties stipulate and agree that:

a.      The Settlement Class is ascertainable and so numerous as to make it impracticable to join all Class Members.

b.      Plaintiffs believe there are common questions of law and fact including, but not limited to, whether Defendant complied with applicable laws affecting Plaintiffs and the other Class Members regarding unpaid wages, unpaid overtime, penalties, and interest as authorized by statute.

c.      Plaintiffs believe their claims are typical of the claims of the members of the Settlement Class.

d.      Plaintiffs believes they will fairly and adequately protect the interests of the Settlement Class, and that Pitt McGehee Palmer & Rivers, P.C. should be deemed and appointed as Class Counsel and will fairly and adequately protect the interests of the Settlement Class.

e.      The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

f.      With respect to the Settlement Class, Plaintiffs believe that questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual member in such Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

6.      This Settlement is not an admission of any liability or wrongdoing by Defendant or any of the Released Parties.  Defendant, on its own behalf and on

behalf of the Released Parties, specifically denies any liability or wrongdoing of any kind whatsoever for the claims alleged in the Action, and further denies that, for any purpose other than settling the Action, the Action is appropriate for class or representative treatment.  With respect to Plaintiffs' claims, Defendant contends, among other things, that it has complied with all applicable state, federal and local laws affecting Plaintiffs and the other Class Members regarding unpaid wages, unpaid overtime, and penalties.

7.     It is the desire of the Parties to fully, finally and forever settle, compromise, and discharge all Released Claims.  To achieve a full and complete release of all Released Claims in favor of Defendant and the other Released Parties, each Class Member acknowledges that this Stipulation of Settlement is intended to include all Released Claims against all Released Parties as of the date of the Court's Final Order and Judgment.

8.     It is the intention of the Parties that this Stipulation of Settlement shall constitute a full, final, and complete settlement and release of all Released Parties with respect to all Released Claims.

9.     Class Counsel has conducted a thorough investigation into the facts of the Action, including an extensive review of relevant documents and data, and have diligently pursued an investigation of Class Members' claims against Defendant and the other Released Parties.  Based on their independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, the potential that class certification may not be granted, the defenses asserted by Defendant, and numerous potential appellate issues.  Defendant and Defendant's counsel also agree that the Settlement is fair and in the best interest of the Settlement Class.

10.    The Parties agree to cooperate and take all steps necessary and appropriate to consummate this Settlement and to dismiss this case with prejudice

after all Settlement sums have been paid out in accordance with this Stipulation of Settlement.

11.    Settlement Awards will be allocated from the Net Settlement Amount. Defendant's aggregate maximum total payment under the Settlement, inclusive of all amounts for all claims, attorneys' fees and costs, Enhancement Awards, claims administration costs, payroll taxes on the wage portion of the Settlement Awards, and any and all other payments provided by this Settlement, is $450,000 as set forth in paragraph 12(c) below ("Maximum Settlement Amount").   It is further understood and agreed by the Parties that the following amounts shall be paid from the Maximum Settlement Amount: (a) Settlement Awards to all Authorized Claimants; (b) the Enhancement Awards approved by the Court; (c) the fees and expenses of the Claims Administrator up to a maximum of $7,500; (d) the employee's share of payroll taxes on the wage portion of the Settlement Awards; (e) attorney's fees in the amount of $150,000, and costs of $12,500 to Class Counsel; and (f) any other payments provided by this Settlement.  By virtue of the Settlement and in connection with the Action, Defendant and the other Released Parties shall have no obligation to pay any person or entity any amounts beyond the Maximum Settlement Amount.

<u>TERMS OF SETTLEMENT</u>

12.    NOW THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.    <u>Settlement All-Inclusive</u>: It is agreed by and among Plaintiffs and Defendant that the Action and any Released Claims, damages or causes of action of any kind that could have been raised during the Class Period, be settled and compromised as between the Settlement Class on the one hand and Defendant and the Released Parties on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.   This

Settlement shall bind the Settlement Class, Defendant and their respective counsel, subject to the terms and conditions hereof and the Court's approval.

b. <u>Effective Date</u>: The Settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred ("Effective Date"): (i) this Stipulation of Settlement has been executed by all Parties, Class Counsel and Defendant's Counsel; (ii) the Court has given preliminary approval to the Settlement; (iii) the Notices have been sent to the Class Members, providing them with an opportunity to submit a Claim and Consent Form, opt out of the Settlement, or to object to the Settlement; (iv) the Court has held a formal fairness hearing and entered the Court's Final Order and Judgment Dismissing the Action; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn, the later of the following events: (A) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (B) when any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (C) when any appeal, writ or other appellate proceeding has upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order and Judgment is completely final, and there is no further recourse by any appellant or objector who seeks to contest the Settlement. It is further agreed by the Parties that this Settlement shall not become effective if Defendant or the other Released Parties, contrary to paragraph 12(c) below, are required to pay to any person or entity any amounts beyond the Maximum Settlement Amount.

c. <u>Maximum Settlement Amount and Net Settlement Amount</u>: To implement the terms of this Settlement, Defendant agrees to pay a maximum of $450,000 as the "Maximum Settlement Amount," which includes all Settlement

Awards to Authorized Claimants, the Enhancement Awards to the Class Representatives and Class Deponents, the attorneys' fees and costs to Class Counsel, the Authorized Claimants' portion of payroll taxes on the wage portion of the Settlement awards, and the claims administration costs and expenses. At no time shall Defendant have the obligation to segregate the funds comprising the Maximum Settlement Amount, and Defendant shall retain exclusive authority over and responsibility for those funds after the Court's final approval of this Settlement and the expiration of any other applicable period referenced in this Stipulation of Settlement, and subject to disbursement of the funds necessary for payment of the Settlement Awards, the approved attorneys' fees and costs for Class Counsel, the approved Enhancement Awards to the Class Representatives and Class Deponents, the approved claims administration fees and expenses, the payroll taxes on the wage portion of the Settlement Awards, and any other payments provided by this Settlement. All Settlement Awards to Authorized Claimants, the Enhancement Awards, the attorneys' fees and costs of Class Counsel, the fees and expenses of the Claims Administrator, and the Authorized Claimiants' share of the payroll taxes attributed to the wage portion of the Settlement Awards shall be paid out of the Maximum Settlement Amount. The Net Settlement Amount will be calculated by deducting all attorneys' fees, costs, the enhancement award, and claims administration expenses from the Maximum Settlement Amount. Settlement Awards to the Authorized Claimants will be calculated by Defendant and approved by Class Counsel.

     d.   Settlement Awards to Class Members: Settlement Awards for Authorized Claimants will be paid out of the Net Settlement Amount based on the formula described below. The total settlement amount was attained by taking the total number of shifts worked by the Settlement Class over the Class Period. Each Authorized Claimant will receive a proportionate amount based on the percentage of shifts each Authorized Claimant worked as compared with the total amount of

shifts worked by the entire Settlement Class.  Based on a total of 82,710 shifts worked by the Settlement Class over the Class, each Authorized Class Member will receive approximately $1.63 per shift.  The number of shifts worked by the Settlement Class will be determined by reference to Defendant's records and will be presumed to be correct unless credible written evidence to the contrary is timely submitted to the Claims Administrator.

e. <u>Settlement Award Allocation</u>: Each Authorized Claimant will be allocated from the Net Settlement Amount and paid as follows:  one-third of his/her Settlement Award will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue, one-third of his/her Settlement Award will be allocated to alleged unpaid penalties, and the other one-third of his/her Settlement Award will be allocated to alleged unpaid interest for which IRS Forms 1099-MISC will issue.

f. <u>Settlement Awards Do Not Trigger Additional Benefits</u>:  All Settlement Awards to Authorized Claimants shall be deemed to be income to such Authorized Claimants solely in the year in which such awards actually are received by the Authorized Claimants.  It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Authorized Claimants to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Authorized Claimants to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the Settlement Awards provided for in this Agreement are the sole payments to be made by Defendant to the Authorized Claimants in connection with this Settlement, and that the Authorized Claimants are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

g.    <u>Class Representatives, Class Deponents and Class Participants</u>: Subject to Court approval, Defendant agrees to pay, on behalf of the Released Parties, the Class Representatives Enhancement Awards of $7,500.00, and each Class Deponent an Enhancement Award of $5,000.00, the Class Participants Service award of $3,500.00 for his/her service to the Class. The Service Awards shall be part of the Maximum Settlement Amount. Defendant will not object to Class Counsel's application for Court approval of Service Awards to the Class Representatives or Class Deponents. It is understood the Service Awards are in addition to any claimed individual Settlement Award to which Plaintiffs or Class Deponents as Authorized Claimants. The Claims Administrator will issue to the Class Representatives and Class Deponents IRS Form 1099 for the Enhancement Award, and the Class Representatives and Class Deponents will be solely responsible for correctly characterizing the Enhancement Awards for tax purposes and for paying any taxes on the amounts received. The Claims Administrator shall pay the Enhancement Awards approved by the Court within 21 calendar days after the Effective Date. Should the Court approve Service Awards in an amount less than the amounts described above, each Authorized Claimant will receive a proportionate amount of the lesser amount approved by the Court and the total of the amounts described above based on the percentage of shifts each Authorized Claimant worked as compared with the total amount of shifts worked by the entire Settlement Class.

h.    <u>Claim and Consent Form</u>: Class Members are required to timely submit a valid Claim and Consent Form to be considered Authorized Claimants. A Claim and Consent Form shall be deemed valid only if: (i) the Claim and Consent Form is postmarked no later than the Claims Deadline; (ii) contains a Settlement Class Member's name, address, and social security number; (iii) the Settlement Class Member has dated and signed the Claim and Consent Form under penalty of perjury; and (iv) the name and social security number provided by the Settlement

Class Member on the Claim and Consent Form matches Defendant's records. If the Claims Administrator receives a Claim and Consent Form on or before the Claims Deadline, but the Claim and Consent Form is defective as to any of these three requirements, then, within 3 days of its receipt of the defective Claim and Consent Form, the Claims Administrator shall notify the Settlement Class Member that the Claim and Consent Form is defective and that a corrected Claim and Consent Form must be received by the Claim Administrator by the later of the Claims Deadline or 21 days after the due date of mailing the notice of defect. If the Settlement Class Member's Claim and Consent Form remains defective after this opportunity to cure, the Claim and Consent Form shall be rejected and deemed invalid and of no effect. If any of the information specified in this paragraph is provided but the information provided by the Class Member does not match Defendant's records, the Claims Administrator shall determine whether the Claim and Consent Form should be accepted.

The Class Representatives, Class Deponents and Class Participants as identified in Paragraph 1(j)-(l) above will not be required to submit a Claim and Consent Form to be considered Authorized Claimants. The Class Representatives, Class Deponents and Class Participants as identified in Paragraph 1(j)-(l) above will be deemed to have timely submitted Claim and Consent Forms and thus will be eligible to receive a Settlement Award.

i.  Plaintiffs' Counsel shall have the right to request that the Court excuse the late submission of any Claim and Consent Form by any Settlement Class Member for good cause shown, as long as the Claims Administrator has received such Claim and Consent Form at least 10 days prior to the date of the final approval by the Court of the Settlement provided for in this Stipulation of Settlement. The name and social security number provided by the Settlement Class Member will be deemed to match Defendant's records only if: (i) the first and last name and the social security number provided by the Class

Member matches Defendant's records; or (ii) the social security number provided by the Settlement Class Member matches Defendant's records and it appears the person's name have been legally changed as a result of a change in marital status or the order of a court. The Parties will engage in good faith attempts to resolve any questions regarding such matters. In the event of an irreconcilable conflict between the information provided on a Claim and Consent Form and information in Defendant's records, Defendant's records shall be presumed correct, but the Claims Administrator shall make a final ruling as to whether such claim shall be accepted after considering all such evidence as it reasonably deems appropriate.

        ii.    Subject to the provisions set forth above, if any Class Member has not cured a defect in his or her otherwise timely Claim and Consent Form within the time prescribed above, the Settlement Administrator shall deny that claim and send that person a notice, stating the reason the claim was denied.

        iii.    The Claims Administrator's determination of eligibility for any Settlement Awards under the terms of this Settlement shall be conclusive, final and binding on all Parties and all Settlement Class Members.

        i.    <u>Failure to Submit Claim and Consent Form</u>:  Class Members will have 30 calendar days from the mailing date of the Notice within which to postmark their Claim and Consent Forms. All Class Members, with the exception of the Class Representatives, Class Deponents and Class Participants as identified in Paragraph 1(j)-(l) above who are already deemed eligible to receive a Settlement Award, are required to submit a valid and timely Claim and Consent Form in order to receive a Settlement Award. A failure to submit a valid and timely Claim and Consent Form does not effect exclusion from the Settlement Class. Instead all Class Members shall remain members of the Settlement Class and will be bound by all terms of the Settlement and any Final Order and Judgment entered by the Court unless they have excluded themselves from the Settlement Class in the manner provided herein.

j.    <u>Eligibility for Payment of Settlement Award</u>: All Authorized Claimants shall receive Settlement Awards referenced in paragraph 12(d) above.

k.    <u>Issuance of Checks</u>: Within 21 days following the Effective Date, and solely for purposes of the compliance with this Agreement, Defendant, through the Third Party Administrator, shall issue checks to each Authorized Claimant in the amounts of the Settlement Award. Such checks shall be mailed via First Class Mail. In no event shall any payment be made prior to the Effective Date.

l.    <u>Unclaimed Settlement Award Offers and Uncashed Checks</u>: Any checks paid to Authorized Claimants shall remain valid and negotiable for 90 days from the date of their issuance and may thereafter automatically be canceled by Defendant if not cashed by the Authorized Claimants within that time, at which time the Authorized Claimant's claim will be deemed null and void and of no further force and effect and the funds will be retained by Defendant. In the event any Settlement Class Member who is sent a Claim and Consent Form and fails to submit validly and timely submit it, the monies compromising the offer of the Settlement Award to that Settlement Class Member will be retained by Defendant.

m.    <u>Exclusion Forms</u>: For each Class Member, there will be pre-printed information on the Exclusion Form mailed to the Class Member. Each Exclusion Form must be completed in its entirety to be considered valid, unless otherwise mutually agreed upon by the Parties for good cause.

<u>CLAIMS ADMINISTRATION</u>

13.    Within ten days of the Court's approval of the settlement, Defendant will provide the claims administrator with the contact information for all eligible individuals, including their name, address, telephone number and email, to the extent such information is in Defendant's possession. The Claims Administrator will send the Class Participant Notice and Exclusion forms to Class Representatives, Class Deponents, and Class Participants as described in

Paragraphs 1(j)-(l) above.  The Claims Administrator shall send all other Class Members the Non-Participation Class Notice, Claim and Consent, and Exclusion Forms. The Claims Administrator shall report in writing the substance of its findings to the Parties.  The Claims Administrator shall be granted reasonable access to Defendant's records to perform its duties.  At the request of the Parties and upon receipt of funds from Defendant, the Claims Administrator shall issue and mail the Settlement Award checks to the Authorized Claimants within 21 calendar days after the Effective Date.  Tax treatment of the Settlement Awards will be as set forth herein, and in accordance with state and federal tax laws; provided, however, Plaintiffs and other Class Members herein acknowledge that neither the Released Parties nor Defendant's counsel has or is providing any tax advice.  The fees and expenses of the Claims Administrator shall be part of the Maximum Settlement Amount, and shall be paid within 21 calendar days after the Effective Date.  All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

## ATTORNEYS' FEES AND COSTS

14.    In consideration for settling this matter and in exchange for the release of claims by the Settlement Class, and subject to final approval or modification by the Court, Defendant agrees to pay $150,000 for all current and future attorneys' fees, and up to $12,500 in costs as the Class Counsel Award.  Defendant will not object to Class Counsel's application for attorneys' fees and costs up to the maximum amounts set forth above.  The amounts set forth above will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Stipulation of Settlement, administration of the Settlement,

obtaining judgment in the Action, and any challenges, writs or appeals to the Settlement.

15. The attorneys' fees and costs approved by the Court shall be distributed to Class Counsel by the Claims Administrator within 14 calendar days after the Effective Date.

<u>NOTICE TO THE SETTLEMENT CLASS</u>

16. Notice of this Settlement shall be carried in via U.S. Mail.

a. <u>U.S. Mail.</u> The Notice and Exclusion Forms shall be sent by the Claims Administrator to the Class Members by first class mail based on the following procedure. Any returned envelopes from this mailing with forwarding addresses will be used by the Claims Administrator to forward the Notice and Exclusion Forms to Class Members.

i. Within 15 calendar days of preliminary approval of this Settlement by the Court, Defendant shall provide to the Claims Administrator a spreadsheet, which will list for each Class Member the Class Member's name, last-known address, social security number, and Settlement Award to be paid. The Parties agree that each Class Member's name, last-known address, social security number, and any other Settlement class data will be used only by the Claims Administrator for the sole purpose of effectuating the Settlement, and will not be provided to Class Counsel. The spreadsheet shall be based on Defendant's payroll and/or personnel records, and in a format reasonably acceptable to the Claims Administrator. Defendant agrees to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator. The Claims Administrator will run a check of the Class Members' last-known addresses against those on file with the U.S. Postal Service's National Change of Address List. Within 20 calendar days of preliminary approval of this Settlement by the Court, the Claims Administrator will mail the Notice and Exclusion Forms to the Class Members. The Class Members will have 30 calendar

1    days in which to postmark Claim and Consent Forms, Exclusion Forms, or to

2    postmark objections to the Stipulation of Settlement.

3           ii.     Notice and Exclusion Forms returned to the Claims

4    Administrator as non-delivered shall be resent to the forwarding address, if any, on

5    the returned envelope.  If there is no forwarding address, the Claims Administrator

6    will do one computer search for a new address using the Class Member's social

7    security number.  Said search will be performed by the Claims Administrator one

8    time for each Notice and Exclusion Forms returned without a forwarding address

9    per Class Member.  Upon completion of these steps by the Claims Administrator,

10   Defendant and the Claims Administrator shall be deemed to have satisfied their

11   obligations to provide the Notice and Exclusion Forms to the affected Class

12   Member, and, regardless of whether the affected Class Member actually receives

13   the Notice and Exclusion Forms, the affected Class Member shall remain a member

14   of the Settlement Class and shall be bound by all the terms of the Settlement and

15   the Court's Final Order and Judgment.

16          iii.    Class Counsel shall provide to the Court, at least 15

17   calendar days before the final fairness hearing, a declaration by the Claims

18   Administrator of due diligence and proof of mailing with regard to the mailing of

19   the Notice and Exclusion Forms.

20   <u>EXCLUSION PROCESS</u>

21       17.    Class Members will have 30 calendar days from the mailing date of

22   the Notice within which to postmark or fax their Exclusion Form to the Claims

23   Administrator.  The Claims Administrator will not send a reminder notices to Class

24   Members about the notice or exclusion process.  No request for Exclusion will be

25   honored if postmarked or faxed after the 30 calendar-day period.  Class Members

26   are responsible to maintain a photocopy of the Exclusion Form and record of proof

27   of mailing.  Unless a timely and valid Exclusion form is filed consistent with the

28   terms of this Stipulation of Settlement, the Class Member shall be bound by this

Stipulation of Settlement and the Settlement Class release.  The Parties agree to meet and confer if the intent of a particular request for Exclusion is ambiguous, and may mutually agree to accept such request for Exclusion for good cause shown.

18.    If the total number of Class Members who exclude themselves from the Settlement is more than 8 individuals, Defendant will have the option at its discretion of rejecting the Settlement in its entirety; provided however, that such option must be exercised within 7 days after receiving notice from the Settlement Administrator after the Objection/Exclusion Deadline as to how many Class Members have requested exclusion.

<u>OBJECTION PROCESS</u>

19.    A Class Member may object to this Settlement.  For a Class Member to object to the Settlement, a Class Member must file with the Court no later than the Objection Deadline a notice of objection, signed by the Class Member or his or her counsel, stating the Class Member's: (i) name; (ii) current address; (iii) telephone number; (iv) dates of employment with Defendant; (v) last 4-digits of his or her social security number; and (vi) basis of the objection.  The Class Member objecting to the settlement must also serve a copy of his or her notice of objection on counsel for the Parties and the Claims Administrator by the Objection Deadline.  The postmark date of the filing and service shall be deemed the exclusive means for determining that the notice of objection is timely.  The Claims Administrator will not send any reminder notices to Class Members about the objection process.  Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections, and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Class Members who file and serve timely notices of objection will have a right to appear at the Court's hearing to provide final approval of the Settlement in order to have their objections heard by the Court.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the

Settlement or appeal from the Court's Final Order and Judgment. Class Counsel shall not represent any Class Members with respect to any such objections to this Settlement.

20.    If the total number of Class Members who object to the Settlement is more than 8 individuals, Defendant will have the option at its discretion of rejecting the Settlement in its entirety; provided however, that such option must be exercised within 7 days after receiving notice from the Settlement Administrator after the Objection/Exclusion Deadline as to how many Class Members have requested exclusion.

RELEASE OF CLAIMS

21.    Upon final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid Request for Exclusion, fully releases and discharges Defendant and each of the Released Parties for and from all Released Claims. In addition, as of the date of entry of the Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion will be forever barred and enjoined from instituting any action or proceeding, accepting damages or obtaining relief against any Released Party for any acts or omissions relating to the Released Claims from August 1, 2011 up to and including April 13, 2014.

22.    The Notice mailed to the Settlement Class specifically set for the claims being released.

NULLIFICATION OF SETTLEMENT AGREEMENT

23.    In the event: (i) the Court does not enter any order required as specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter the Settlement Order and Judgment as provided herein which become final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, this Agreement shall

be null and void *ab initio* and any order of judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by Agreement of the Parties.   In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed.   In the event an appeal is filed from the Settlement Order and Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

<u>DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL</u>

24.   Within 21 calendar days from execution of this Stipulation of Settlement, Plaintiffs' Counsel shall file a Motion for Preliminary Approval of Class Action Settlement, submit this Stipulation of Settlement, and request a determination by the Court as to the Settlement's fairness, adequacy, and reasonableness.  In so doing, Class Counsel shall apply to the Court for the entry of the Preliminary Approval Order substantially in the following form and as attached hereto as **Exhibit C**:

a.   Scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, costs of administration, and the Enhancement Awards should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class;

b.   Certifying the Settlement Class, Plaintiffs as Class Representatives and Pitt McGehee Palmer & Rivers, P.C. as Class Counsel;

c.   Approving as to form and content the proposed Claim and Consent Form attached hereto as **Exhibit A;**

d.   Approving as to forms and content the proposed Notices attached hereto as **Exhibits B and F;**

e.   Approving as to form and content the proposed Request for

Exclusion Form attached hereto as **Exhibit E**;

   f. Approving the manner and method for Class Members to request exclusion from the Settlement as contained herein and within the Notice and Exclusion Forms;

   g. Directing the mailing of the Notice and the Exclusion Forms by first class mail to the Class Members;

   h. Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

   i. Enjoining Plaintiffs and all Class Members from filing or prosecuting any other cases, claims, suits or administrative proceedings (including filing claims with any state of local agency or department) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Claims Administrator and the time for filing exclusions with the Claims Administrator has elapsed.

  25. To effectuate the Settlement, the Parties agree all formal, informal discovery, and motion practice, shall be stayed pending Court approval of the Settlement.  The Parties also agree that all Court deadlines be continued pending preliminary approval of the Settlement.

  <u>DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL</u>

  26. Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed Court's Final Order and Judgment in substantially the form attached hereto as **Exhibit D:**

   a. Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

   b. Approving Class Counsel's application for an award of attorneys' fees and costs not to exceed the maximum amount set forth herein;

   c. Approving the Enhancement Awards to the Class Representatives not to exceed the maximum amount set forth herein;

d.      Approving the Enhancement Awards to the Class Deponents not to exceed the maximum amount set forth herein;

e.      Approving the Enhancement Awards to the Class Participants not to exceed the maximum amount set forth herein; and

f.      Entering judgment of the Action on the merits, and permanently barring and enjoining all members of the Settlement Class from prosecuting against the Released Parties any individual or class or collective claims released herein pursuant to paragraph 22 above, upon satisfaction of all payments and obligations hereunder.

27.    The Class Representatives and Class Counsel agree to return all of the Released Parties' company and employee documents, lists and electronic data in all forms and formats (originals and copies) within 21 calendar days from the Effective Date.

PARTIES' AUTHORITY

28.    The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

MUTUAL FULL COOPERATION

29.    The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their reasonable best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and

cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

30. The Parties and their respective counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

## NO ADMISSION

31. Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Released Parties. Each of the Parties hereto has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## ENFORCEMENT ACTIONS

32. In the event one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights or obligations under this Stipulation of Settlement, the successful party or Parties shall be entitled to recover from the unsuccessful party or Parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

33. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the first business day after mailing by overnight courier with confirmed delivery, addressed as follows:

To Plaintiffs and the Settlement Class:
Megan A. Bonanni
Robert W. Palmer
Pitt McGehee Palmer & Rivers, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

To Defendant:
Elayna J. Youchah
Jackson Lewis LLP
3800 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169

## CONSTRUCTION

34.    The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

35.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Stipulation of Settlement or any provision of it.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

36.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

37.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all

prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

38. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns; provided, however, that a Party's rights and obligations hereunder may not be assigned or delegated without the express prior written consent of the other Parties.

## CLASS MEMBER SIGNATORIES

39. It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Notice will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Class Member.

## COUNTERPARTS

40. This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart, including email and PDF versions, shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all Parties.

## PUBLIC COMMENT

41. The Class Representatives, Class Deponent, Class Participant and Class Counsel will not make any public disclosure of any kind in any medium, including, but not limited to any publication on any social media or web site, regarding the facts underlying or terms of the Settlement, except for the filing of pleadings and declarations with the Court in support of preliminary and final approval of the Settlement. Class Counsel will take all steps necessary to ensure

the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any public disclosure of the Settlement. The Class Representatives and Class Counsel will not have any communications with the media. Class Counsel will take all steps necessary to ensure the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any media comment on the Settlement and its terms. Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

NO ADVERSE OR RETALIATORY ACTION

42.     Defendant will not take any adverse or retaliatory action against the Class Representatives because of their participation in the Action.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

**Plaintiffs and Class Representatives**

DATED: _4/12/16_                    PLAINTIFF

                                     By: _Cynthia Applebaum_
                                         CYNTHIA APPLEBAUM

DATED: _____              PLAINTIFF

                                     By: _____
                                         WARREN BLACK

DATED: _____              PLAINTIFF

                                     By: _____
                                         ANITA MATLOCK

the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any public disclosure of the Settlement. The Class Representatives and Class Counsel will not have any communications with the media. Class Counsel will take all steps necessary to ensure the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any media comment on the Settlement and its terms. Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

NO ADVERSE OR RETALIATORY ACTION

42.     Defendant will not take any adverse or retaliatory action against the Class Representatives because of their participation in the Action.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

**Plaintiffs and Class Representatives**

DATED: _____          PLAINTIFF

By: _____
CYNTHIA APPLEBAUM

DATED: 4-9-16          PLAINTIFF

By: _Warren Black_____
WARREN BLACK

DATED: _____          PLAINTIFF

By: _____
ANITA MATLOCK

the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any public disclosure of the Settlement.   The Class Representatives and Class Counsel will not have any communications with the media.   Class Counsel will take all steps necessary to ensure the Class Representatives are aware of, and will ensure that they adhere to, the restriction against any media comment on the Settlement and its terms.  Class Counsel agrees that it shall not publicize or use, in any fashion, the existence of, the facts underlying, the settlement, or the settlement terms reached in this dispute for advertising purposes of any kind.

NO ADVERSE OR RETALIATORY ACTION

42.   Defendant will not take any adverse or retaliatory action against the Class Representatives because of their participation in the Action.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Stipulation of Settlement as of the date(s) set forth below:

**Plaintiffs and Class Representatives**

DATED: _____          PLAINTIFF

                              By: _____
                                      CYNTHIA APPLEBAUM

DATED: _____          PLAINTIFF

                              By: _____
                                      WARREN BLACK

DATED: april 12, 2016          PLAINTIFF

                              By: _____
                                      ANITA MATLOCK

DATED: 4/11/16          PLAINTIFF

                        By: _Patrick Ridgeway_
                            PATRICK RIDGEWAY

DATED: _____   PLAINTIFF

                        By: _____
                            WILLIAM SLY

**Class Counsel**

DATED: _____   PITT MCGEHEE PALMER &
                        RIVERS, P.C

                        By: _____
                            Megan A. Bonanni
                            Robert W. Palmer
                            Attorneys for Plaintiffs and Class
                            Counsel

**Defendant**

DATED: _____   DEFENDANT MGM GRAND DETROIT,
                        LLC

                        By: _____

**Defendant's Counsel**

DATED: _____   JACKSON LEWIS LLP

                        By: _____
                            Elayna J. Youchah
                            Attorneys for Defendant

*4842-1707-0896, v. 1*

JACKSON LEWIS P.C.
LAS VEGAS

DATED: _____          PLAINTIFF

                               By: _____
                                      PATRICK RIDGEWAY

DATED: _____          PLAINTIFF

                               By: _____
                                      WILLIAM SLY

**Class Counsel**

DATED: _____       PITT MCGEHEE PALMER &
                               RIVERS, P.C

                               By: _____
                                      Megan A. Bonanni
                                      Robert W. Palmer
                                      Attorneys for Plaintiffs and Class
                                      Counsel

**Defendant**

DATED: _____       DEFENDANT MGM GRAND DETROIT,
                               LLC

                               By: _____

**Defendant's Counsel**

DATED: _____          JACKSON LEWIS LLP

                               By: _____
                                      Elayna J. Youchah
                                      Attorneys for Defendant

*4842-1707-0896, v. 1*

1

2
                                            By: _____
3                                                PATRICK RIDGEWAY

        DATED: _____          PLAINTIFF
4

5
                                            By: _____
6                                                WILLIAM SLY

7    **Class Counsel**

8
        DATED: _____          PITT MCGEHEE PALMER &
9                                       RIVERS, P.C

10
                                            By: _____
11                                               Megan A. Bonanni
                                                 Robert W. Palmer
12                                               Attorneys for Plaintiffs and Class
                                                 Counsel
13

14   **Defendant**

        DATED: **4·13·2016**          DEFENDANT MGM GRAND DETROIT,
15                                     LLC

16
                                            By: _____
17

18   **Defendant's Counsel**

        DATED: 4/13/2016               JACKSON LEWIS LLP
19

20
                                            By: _____
21                                               Elayna J. Youchah
                                                 Attorneys for Defendant
22

23

24

25

26

27   *4842-1707-0896, v. 1*

28